WRITTEN DECISION – FOR PUBLICATION

ENTERED APR 11 2011
FILED
APR 11 2011
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | BANKRUPTCY NO: 10-17456-MM13 |
| ELEAZAR SALAZAR, | CHAPTER: 13 |
| Debtor, | MEMORANDUM DECISION RE MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | RS #RVP-1 |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, its assignees and/or successors, | DATE: 1/25/11<br>TIME: 11:00 a.m.<br>CRTRM: 1 |
| Movant, | JUDGE: Margaret M. Mann |
| ELEAZAR SALAZAR, Debtor; DAVID L. SKELTON, Chapter 13 Trustee, | |
| Respondents, | |

1

MEMORANDUM DECISION

US Bank National Association ("US Bank"), Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, nonjudicially foreclosed on the residence of Debtor Eleazar Salazar ("Salazar"), by exercising the power of sale under the deed of trust. At the time it foreclosed, US Bank was not the original beneficiary of record, and it had not recorded an assignment of the deed of trust conveying to it an interest in the deed of trust.

After the foreclosure, two lawsuits were filed in state court: Salazar filed to invalidate the foreclosure sale and to seek damages against US Bank and other parties,[1] and US Bank filed to regain possession of the residence through an unlawful detainer action against Salazar. The unlawful detainer suit was on the verge of trial when Salazar filed his chapter 13 bankruptcy case.

In his bankruptcy, Salazar seeks to reinstate US Bank's loan against his residence and cure the default, and US Bank seeks relief from stay in the bankruptcy to proceed with its unlawful detainer action.[2] Salazar opposes stay relief, arguing US Bank does not have standing to seek relief from stay because the foreclosure sale was defective, due to US Bank's failure to record an assignment of its interest before foreclosures as required by California Civil Code section 2932.5.[3] US Bank responds that Civil Code section 2932.5 is not applicable to its deed of trust, and MERS' status as the original beneficiary of the deed of trust obviated the recording of the assignment to US Bank.

While US Bank meets the minimal test for standing to seek relief from stay, Salazar's foreclosure sale challenge must still be addressed to resolve the merits of US Bank's relief from stay motion. Relying upon controlling California statutory and decisional authority, the Court concludes MERS' original involvement in this loan does not provide talismanic protection against US Bank's foreclosure deficiencies. US Bank's failure to record its beneficiary status before foreclosure left Salazar with equitable title to his residence. Although this equitable title must be finally established in

---

[1] The foreclosure suit was removed to district court, which was remanded to state court after the federal claims were dismissed.

[2] The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 (2010). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) (2010).

[3] All statutory references hereafter are to California Codes unless otherwise specified.

2

MEMORANDUM DECISION

an adversary proceeding rather than a relief from stay motion, Salazar has demonstrated a prima facie case that the foreclosure sale was void. Salazar thus has a significant property interest entitled to protection by the automatic stay, and the Court denies relief at this time.

## I.   BACKGROUND

Accredited Home Lenders, Inc. ("Accredited") made a loan ("Loan") to Salazar in October 2005 secured by his residence located at 1268 Emerald Way, Calexico, California ("Property"). Salazar executed a promissory note ("Note") to Accredited to document the Loan. To secure the Loan, Salazar executed a four party deed of trust ("DOT") among Salazar as "Borrower", Accredited as "Lender," Chicago Title Company as trustee, and MERS as beneficiary.

Under the DOT, the Lender's rights regarding the Loan are pervasive. The Lender is entitled to receive all payments under the Note and to enforce the DOT, including the exclusive right to conduct a nonjudicial foreclosure.[4]

MERS has none of these rights under the DOT,[5] and is not even mentioned in the Note. MERS is not given any independent authority to enforce the DOT under its terms and MERS' status as beneficiary under the DOT is only "nominal." While the Borrower acknowledges in the DOT that MERS can exercise Lender's rights as "necessary to comply with law or custom,"[6] this

---

[4]   Under the DOT, the Lender has the exclusive right to: "(i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." In addition, under the covenants executed between Lender and Salazar, Lender is granted exclusive authority to accelerate repayment, "give notice to Borrower prior to acceleration," and "invoke the power of sale" through written notice to the Trustee in the event of default, and appoint successor trustees. DOT at pp. 3, 13.

[5]   The DOT defines MERS as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." The DOT states, "MERS is the beneficiary under this Security Instrument." DOT at p. 2.

[6]   The DOT on page three in the description of collateral section, provides that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, *if necessary to comply with law or custom,* MERS (as nominee of Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Security Instrument." DOT at p. 3 (emphasis added).

3

acknowledgement is not accompanied by any actual allocation of authority to nonjudicially foreclose on the DOT; nor is such authority allocated in any other document in the record.

After Salazar defaulted under the Loan, foreclosure proceedings were instituted. In June 2009, MERS signed a substitution of trustee. Whether MERS retained any interest in the Loan after this time is not clear. Both Litton Loan Servicing, LP ("Litton") and Quality Loan Service Corp. ("Quality") were at different times identified as the party that Salazar should contact with questions about the foreclosure. MERS had no apparent role in the foreclosure sale held on December 7, 2009, which was largely run by Litton and Quality based upon the documents in the record. When the Trustee's Deed Upon Sale ("Trustee's Deed") was recorded on December 14, 2009, US Bank was identified as the "foreclosing beneficiary," not MERS. While US Bank has presented evidence that the Note was endorsed in blank, no evidence was offered as to when US Bank was assigned Accredited's interests as Lender in the Note and DOT, and no assignment to US Bank of the beneficial interest in the DOT appears in the public records.

While some of the foreclosure claims were pending in district court, the unlawful detainer action came on for trial in state court on September 1, 2010, and was continued to October 1, 2010. This bankruptcy case was filed the day before the continued trial, which stayed the unlawful detainer action. US Bank then filed this relief from stay motion ("Motion") on October 26, 2010, which was heard on November 23, 2010, continued to January 11, 2011, and continued again to January 25, 2011 to allow for the submission of evidence and additional briefing.

## II.  ANALYSIS

To determine whether to grant US Bank's Motion, the Court must first decide whether US Bank has standing to bring it. The Court must then address the merits of the Motion, which will require consideration of whether Salazar retains any interest in the Property that is necessary for an effective reorganization, and whether allowing the unlawful detainer action to proceed in state court will promote the efficient administration of the bankruptcy and limit prejudice to the parties.

### A.  Standing

Due to the limited scope and expedited nature of a relief from stay proceeding, the standing requirement is not difficult to meet. Section 362(d) of the Bankruptcy Code provides that stay relief

may be granted to a "party in interest," and any party affected by the stay should be entitled to seek relief. 3 Collier on Bankruptcy ¶ 362.07[2] (3d ed. rev. 2010). In the Ninth Circuit, challenges to secured claims are typically resolved in plenary proceedings. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985) ("The validity of the claim or contract underlying the claim is not litigated during the hearing."), *overruled on other grounds by Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007); *Biggs v. Stovin (In re Luz Int'l)*, 219 B.R. 837, 841-42 (B.A.P. 9th Cir. 1998). Even so, the moving party must establish a prima facie case of its claim or rights against a debtor or its estate to seek relief from stay. *In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982); *In re Aniel*, 427 B.R. 811, 816 (Bankr. N.D. Cal. 2010).

A prima facie case of standing requires the moving party demonstrate an undisputed interest in the bankruptcy case that is hindered by the automatic stay. Standing is lacking where a secured creditor cannot present the rudimentary elements of its claim. *In re Gavin*, 319 B.R. 27, 32 (B.A.P. 1st Cir. 2004) (holding the moving party could not trace the chain of title through valid endorsements); *In re Wilhelm*, 407 B.R. 392, 398 (Bankr. D. Idaho 2009) ("each Movant must show that it has an interest in the relevant note, and that it has been injured by debtor's conduct"). If the moving party has a right to assert a claim, even though the claim is disputed, standing to seek stay relief may be found. *Brown Transp. Truckload v. Humboldt Express*, 118 B.R. 889, 893 (Bankr. N.D. Ga. 1990) (finding the non-creditor had standing for stay relief to pursue action against debtor in another forum); *In re Vieland*, 41 B.R. 134, 139 (Bankr. N.D. Ohio 1984) (purchaser at a judicial foreclosure sale acquired some interest in debtor's property and was a party in interest).

US Bank is the record title owner of the Property under the recorded Trustee's Deed, even if the foreclosure sale was invalid. US Bank therefore has standing to seek relief from stay. Even though US Bank has established a prima facie case of standing, however, the Court must still determine if US Bank's foreclosure sale was valid to rule on the merits of the Motion.

### B. Salazar's Property Interest in the Residence

Whether Salazar may retain valuable equitable title in the Property despite the foreclosure sale is critical to the Motion. *McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Pettit)*, 217

5

MEMORANDUM DECISION

F.3d 1072, 1077 (9th Cir. 2000) (whether debtor retained a property interest in registry funds determined whether stay applied). To decide the Motion, the Court must evaluate whether Salazar has equity in the Property necessary for an effective reorganization and whether cause exists to grant relief to US Bank. *Bialac*, 694 F.2d at 627 ("it was within the bankruptcy court's discretion to consider the construction of the note's payment terms in the § 362(d) proceeding if they were important to the issue of valuation"); *In re Bebensee-Wong*, 248 B.R. 820, 823 (B.A.P. 9th Cir. 2000) (court first determined whether the trustee's deed after foreclosure was timely recorded; since foreclosure sale was valid, relief from stay was granted to allow unlawful detainer action to proceed); *cf. In re Hoopai*, No. 04-02511, 2005 U.S. Dist. LEXIS 42760, at *11–*15 (D. Haw. 2005) (relief from stay denied to foreclosing creditor because the property might have value to the estate).

If US Bank's foreclosure sale was invalid, Salazar has an interest in the Property which militates in favor of continuing the stay. If US Bank was not authorized to foreclose the DOT under Civil Code section 2932.5, the foreclosure sale may be void, and Salazar would not need to tender the full amount of the Loan to set aside the sale. *Bank of America, N.A. v. La Jolla Group II*, 129 Cal. App. 4th 706, 710, 717 (5th Dist. 2005) (void foreclosure sale required rescission of trustee's deed returning title to the status quo prior to the foreclosure sale); *Dimock v. Emerald Properties*, 81 Cal. App. 4th 868, 874 (4th Dist. 2000) (sale under deed of trust by former trustee void, and tender of the amount due is unnecessary). In this event, Salazar could potentially restructure the Loan and reorganize his financial affairs in his chapter 13 case. The Court emphasizes however, that US Bank's defenses to Salazar's Civil Code section 2932.5 claim must be resolved either in state court or in another proper proceeding as these defenses are not before the Court.

### 1. Assignments Must be Recorded Before Foreclosure

US Bank, as the foreclosing beneficiary and assignee of Accredited's interest in the Loan, had to meet both requirements of Civil Code section 2932.5[7] for the foreclosure to be valid. Under that

---

[7]   Civil Code section 2932.5 provides:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money

statute. First, US Bank had to be entitled to payment of the secured debt. Civ. Code § 2932.5; *see also* Civ. Code § 2936 (Deering 2010); Comm. Code § 9203(a), (g) (Deering 2011); *Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (the assignment of the note carries the mortgage with it); *Polhemus v. Trainer*, 30 Cal. 686, 688 (1866) (the mortgage always abides with the debt). US Bank claims to be the holder of the Note, which was endorsed in blank by Accredited, and US Bank's status as holder of the Note meets the first requirement of Civil Code section 2932.5.

Second, Civil Code section 2932.5 also requires that US Bank's status as foreclosing beneficiary appear before the sale in the public record title for the Property. This second requirement was not met. US Bank offers two primary reasons why a recorded assignment of the DOT is unnecessary: (1) Civil Code section 2932.5 applies to mortgages, and not to its DOT; and (2) MERS' recorded interest as the nominal beneficiary was sufficient to satisfy Civil Code section 2932.5, particularly since the transfer by Accredited to US Bank could be tracked in the publicly accessible MERS system.

The Court's analysis leads it to conclude that Civil Code section 2932.5 requires US Bank's assigned beneficial interest be recorded despite MERS' initial role under the DOT, and that the statutory foreclosure scheme trumps MERS' proposed alternative system.

### 2.  Civil Code Section 2932.5 Applies to Deeds of Trust

In claiming Civil Code section 2932.5 does not apply to its DOT, US Bank relies on *Caballero v. Bank of America*, No. 10-CV-02973, 2010 U.S. Dist. LEXIS 122847, at *8 (N.D. Cal. 2010) (citing *Stockwell v. Barnum*, 7 Cal. App. 413, 416-17 (2d Dist. 1908)), *Roque v. Suntrust Mortg., Inc.*, No. C-09-00040, 2010 U.S. Dist. LEXIS 11546, at *7 (N.D. Cal. 2010), and *Parcray v. Shea Mortg., Inc.*, No. CV-F-09-1942, 2010 U.S. Dist. LEXIS 40377, at *32 (E.D. Cal. 2010).[8] These cases note that Civil

---

secured by the instrument. *The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.*

Civ. Code § 2932.5 (Deering 2011) (emphasis added).

[8]    Despite its respect for these decisions, this Court is not bound by them. *State Compensation Ins. Fund v. Zamora (In re Silverman)*, 616 F.3d 1001, 1005 (9th Cir. 2010). While the Ninth Circuit reserved the issue of whether bankruptcy courts are bound by district court decisions within the district where the bankruptcy court sits, it recognized that such a requirement "could create the same problem of subjecting bankruptcy courts to a non-uniform body of law." *Id.*

7

MEMORANDUM DECISION

1 Code section 2932.5 mentions only assignees of mortgage interests, whereas in those cases, and here, the instrument foreclosed upon was a deed of trust.

Historically, a technical distinction existed between deeds of trust and mortgages. For deeds of trust, title vested in the trustee. For mortgages, title remained with the mortgagors. This distinction, however, has been determined to be obsolete. *Bank of Italy Nat. Trust & Sav. Assn. v. Bentley*, 217 Cal. 644, 656 (1933) (legal title under a deed of trust, though held by the trustee to the extent necessary for execution of the trust, does not carry any "incidents of ownership of the property"); *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. S-09-1504, 2009 U.S. Dist. LEXIS 79094, at *4 (E.D. Cal. Sept. 3, 2009) (citing 4 B.E. Witkin, *Summary of California Law*, ch. VIII, § 5 (10th ed. 2005)); *N. Brand Partners v. Colony GFP Partners, L.P. (In re 240 N. Brand Partners)*, 200 B.R. 653, 658 (B.A.P. 9th Cir. 1996) ("The terminology creates a difference without distinction."); *see also* 1 Roger Bernhardt, *California Mortgages, Deeds of Trust, and Foreclosure Litigation*, § 1.35 (4th ed. 2009); 4 Harry D. Miller & Marvin B. Starr, *Miller and Starr California Real Estate*, § 10:1 n. 9 (3d 2010) (citing *Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543, 553 (1st Dist. 1969)) (mortgages and deeds of trust have the same effect and economic function and are "subject to the same procedures and limitations on judicial and nonjudicial foreclosure").[9]

The outdated distinction between mortgages and deeds of trust is especially moribund in the context of borrower's rights in the nonjudicial foreclosure context, such as the borrower rights protected by Civil Code section 2932.5. *Bank of Italy*, 217 Cal. at 658 ("[I]mportant rights and duties of the parties should not be made to depend on the more or less accidental form of the security."); *Dimock*, 81 Cal. App. 4th at 877 ("[The title distinction] has been ignored in order to afford borrowers with the protection provided to mortgagors."). Civil Code section 2932.5 protects borrowers from confusion as to the ownership of their loans. *Stockwell*, 7 Cal. App. at 416-17; *Bank of America*, 129 Cal. App. 4th

---

[9] The two other historical distinctions between mortgages and deeds of trust identified in *Bank of Italy*, 217 Cal. at 656, are also defunct. Both mortgages and deeds of trusts are now subject to time limitations on enforcement under sections 880.020-887.09 of the Marketable Record Title Act. Civ. Code §§ 880.020-887.09 (Deering 2011). Bernhardt, *supra*, § 1.35. In addition, Code of Civil Procedure section 729.010 now provides for a right of redemption following a judicial sale under either a mortgage or a deed of trust. Civ. Proc. § 729.010 (Deering 2011).

at 712 (citing 4 Harry D. Miller & Marvin B. Starr, *Miller and Starr California Real Estate*, § 10:123 (3d ed. 2003)) ("Statutory provisions regarding the exercise of the power of sale provide substantive rights to the trustor and limit the power of sale for the protection of the trustor."); *see also* Civ. Code §§ 2935-2937 (Deering 2010) (providing requirements for the transfer of interests of indebtedness on residential real property that put borrower on notice). Civil Code section 2932.5 must therefore be applied to deeds of trust to ensure trustors are provided the same protection as mortgagors under California law.

      The borrower concern addressed by Civil Code section 2932.5—that it be able to identify the assignee of its loan—is more exigent, not less, than it was during the Great Depression, when *Bank of Italy* was decided. Problems with the residential mortgage foreclosure process have been widely chronicled. *See* Katherine Porter, *Misbehavior and Mistake in Bankruptcy Mortgage Claims*, 87 Tex. L. Rev. 121, 148-49 (2008), *cited in Ameriquest Mortg. Co. v. Nosek (In re Nosek)*, 609 F.3d 6, 9 (1st Cir. 2010) (noting mortgage holders and servicer's "(c)onfusion and lack of knowledge, or perhaps sloppiness, as to their roles is not unique in the residential mortgage industry"); Andrew J. Kazakes, *Developments in the Law: the Home Mortgage Crisis*, 43 Loy. L.A. L. Rev. 1383, 1430 (2010) (citing David Streitfeld, *Bank of America to Freeze Foreclosure Cases*, N.Y. Times, Oct. 2, 2010, at B1) (explaining that after publication of Katherine Porter's study several Banks froze foreclosures); Eric Dash, *A Paperwork Fiasco*, N.Y. Times, Oct. 23, 2010, at WK5 (reporting the repeal of the initial freeze and the problems banks faced in clearing up foreclosure paperwork); Office of the Special Inspector General for the Troubled Asset Relief Program, Quarterly Report to Congress 12 (Jan. 26, 2011), *available at* http://www.sigtarp.gov/ (follow link for "Quarterly Report to Congress"). Specifically in the context of loan assignments, there are "serious distributional consequences to all parties in a bankruptcy if a mortgagee cannot prove it holds a valid security interest." *See* Porter, *supra*, at 148-49.

      Because controlling Supreme Court authority requires this Court to enforce statutory borrower protections regardless of whether nonjudicial foreclosure is sought under a mortgage or a deed of trust, the Court must conclude Civil Code section 2932.5 applies to US Bank's DOT here.

9

### 3. Recorded Assignment Necessary Despite MERS' Role

US Bank also claims MERS' status as nominal beneficiary under the DOT obviated the recording of the assignment of the DOT under Civil Code section 2932.5. This claim fails because MERS was not the beneficiary at the time of the foreclosure here, even if it was initially the nominal beneficiary under the DOT. The DOT also does not grant MERS any authority apart from the nominal role.

The recitals in the Trustee's Deed identify US Bank alone as the foreclosing beneficiary, and this recital provides "prima facie evidence of the truth of the statements." DOT at ¶ 22.[10] *See also Bank of America*, 129 Cal. App. 4th at 831-32 (recitals in a trustee's deed create a presumption of the truth of the statements); *Dimock*, 81 Cal. App. 4th at 877 (deed of trust may authorize that recitals shall be conclusive proof of the truthfulness of the fact). Even though MERS was the beneficiary at the time of inception, it was not so at the time of the foreclosure. In part due to this factual distinction, this Court is not bound by *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1151-58 (4th Dist. 2011), or *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009).

In *Gomes,* the Court of Appeal held Civil Code section 2924(a)(1) does not establish a cause of action to permit a borrower to test MERS' authority to initiate a nonjudicial foreclosure, where there is no specific factual basis to challenge this authority. Civil Code section 2924(a)(1) permits an array of authorized parties to take the steps to initiate foreclosure, including the trustee, beneficiary and their authorized agents. *Gomes*, 192 Cal. App. 4th at 1156. Neither *Gomes* nor Civil Code section 2924(a)(1), applies to the questions here: Whether US Bank as Accredited's assignee has authority to foreclose. This issue is instead addressed by Civil Code section 2932.5. In fact, *Gomes* specifically declined to decide the outcome where the facts demonstrated "the wrong party initiated the foreclosure process." *Id.* at 1155 (distinguishing *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276

---

[10] Paragraph 22 of the DOT, which provides for the Lender's Acceleration and Remedies, includes the following: "The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein." DOT at p. 13.

1  (D. Nev. 2010) (trustee was not the trustee at the time of the nonjudicial foreclosure); *Castro v.*
2  *Executive Trustee Services, LLC*, No. CV-08-2156-PHX-LOA, 2009 U.S. Dist. Lexis 14134 (D. Ariz.
3  Feb. 23, 2009) (foreclosing party was not the holder of the note); *Ohlendorf v. American Home*
4  *Mortgage Servicing*, No. CIV. S-09-2081 LKK/EFB, 2010 U.S. Dist. Lexis 31098 (E.D. Cal. Mar. 31,
5  2010) (recordation of assignments with backdated effective dates may taint the notice of default)).[11]
6  *Gomes* thus left open the situation here, where US Bank conducted the nonjudicial foreclosure as
7  beneficiary, but a different party, MERS, was the beneficiary of record.
8         *Gomes* also relied upon the borrower's acknowledgement of MERS' authority to foreclose as
9  nominal beneficiary. *Gomes,* 192 Cal. App. 4th at 1157-58; *see also Pantoja*, 640 F. Supp. 2d at 1189-
10 90. Even if US Bank had not replaced MERS as the foreclosing beneficiary by the time of the
11 foreclosure here, MERS still had no authority to nonjudicially foreclose under Salazar's DOT under its
12 express terms. The Lender, not MERS, had the right to "invoke the power of sale" under the DOT, ¶
13 22, here. This acknowledgement of MERS' authority also did not extend so far as to permit it to
14 foreclose. Salazar's acknowledgement was limited to the situation where MERS' enforcement actions
15 were "necessary to comply with law or custom" (emphasis added). Whatever "necessary to comply
16 with law or custom" means, and there is no evidence in the record to explain it, it should not mean that
17 US Bank or MERS can contract away their obligations to comply with the foreclosure statutes.[12]
18        Salazar's acknowledgment could also not be interpreted as an enforceable waiver of his right as
19 borrower under Civil Code section 2932.5 to be informed of the identity of the assignee. The
20 acknowledgement fails to meet the stringent test for waivers of residential borrower protections in the

---

[11] This Court is, in any event, not bound by the *Gomes* decision because it believes the California Supreme Court would have followed its decision in *Polhemus v. Trainer*, 30 Cal. at 688, as well as the statutory requirements of Civil Code sections 2932.5, 2936, and Commercial Code sections 9203(a)-(g), and found that Civil Code section 2932.5 must be complied with despite any designation of MERS as a nominal beneficiary in the DOT. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (a federal court, in determining how the high court would rule, must consider "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance," and follow an appellate decision only if there is no convincing evidence that the state supreme court would decide differently).

[12] MERS was not the payee of the secured debt, and thus could not satisfy the first requirement of Civil Code section 2932.5 in any event.

11

MEMORANDUM DECISION

foreclosure context. Under *Cathay Bank v. Lee*, 14 Cal. App. 4th 1533, 1539 (4th Dist. 1993), a waiver of borrower protections must be specific and explain the substance of the statutory rights at issue. In *Cathay Bank, id.,* the court refused to enforce language of a deed of trust authorizing the lender to exercise the power of sale, because it served to waive the guarantor's defense to the deficiency claim.[13] *See also Miller v. United States*, 363 F. 3d 999, 1006 (9th Cir. 2004); *Hoffman v. Blum*, No. C06-2416 MHP, 2008 U.S. Dist. LEXIS 7643, at *8 (N.D. Cal. 2008) ("any waiver of an important statutory right must be knowing and intelligent"); *DeBerard Properties v. Lim.*, 20 Cal. 4th 659, 670 (1999) (borrower protection foreclosure provision in Code of Civil Procedure section 580(b) cannot be waived even though it is not included in the list of non-waivable foreclosure provisions detailed in Civil Code section 2953).

As a matter of fact, US Bank did not rely on MERS to nonjudicially foreclose on Salazar's residence here. As a matter of law, Salazar's acknowledgment cannot be read as a waiver of his right to be informed of a change in beneficiary status. For both of these reasons, *Gomes,* 192 Cal. App. 4th at 1157-58, is distinguishable.

### 4. MERS System is not an Alternative to Statutory Foreclosure Law

The Court also rejects US Bank's invitation to overlook the statutory foreclosure mandates of California law, and rely upon MERS as an extra-judicial commercial alternative.[14] The full scope of California's nonjudicial foreclosure law, found at Civil Code sections 2020-2955, exhaustively covers every aspect of the real estate foreclosure process and must be respected. *I. E. Associates v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985) (refusing to supplement the notice requirements found in Civil Code section 2924); *Dimock,* 81 Cal. App. 4th at 874 (holding a sale under a deed of trust by former trustee void as failing to comply with Civil Code section 2934); *Moeller v. Lien,* 25 Cal. App.

---

[13] *Cathay Bank*'s holding, 14 Cal. App. 4th at 1539, was later limited by legislation to commercial transactions. Civ. Code § 2856(e). However, it is still relevant for consumer transactions involving borrowers' residences such as the one before the Court.

[14] The Court notes that circumventing the public recordation system is, in fact, the purpose for which the MERS system was created. *Merscorp, Inc. v. Romaine*, No. 179, 2006 NY Slip Op. 9500, slip op. 6 (Ct. of Appeals 2006). Creation of a private system, however, is not enforceable to the extent it departs from California law.

4th 822, 834 (1994) (holding Civil Code section 2924 includes a myriad of rules relating to notice and right to cure, but no relief from forfeiture under Civil Code section 3275). To overlook statutory foreclosure requirements would require legislative action, of which the Court is not capable. *Westside Apts., LLC v. Butler (In re Butler)*, 271 B.R. 867, 873 (Bankr. C.D. Cal. 2002). This Court instead joins the courts in other states that have rejected MERS' offer of an alternative to the public recording system. *In re Agard,* No. 10-77338-reg, 2011 Bankr. LEXIS 488, at *58-*59 (Bankr. E.D.N.Y. Feb. 10, 2011); *In re McCoy,* No. 10-63814-fra13, 2011 Bankr. LEXIS 534, at *10 (Bankr. Or. Feb. 7, 2011); *MERS v. Saunders*, 2 A.3d 289, 295 (Me. 2010); *LaSalle Bank Nat'l Ass'n v. Lamy*, No. 030049/2005, 2006 NY Slip Op 51534U, slip op. 2 (N.Y. Sup. Ct. 2006).

US Bank as the foreclosing assignee was obligated to record its interest before the sale despite MERS' initial role under the DOT, and this role cannot be used to bypass Civil Code section 2932.5. Since US Bank failed to record its interest, Salazar has a valid property interest in his residence that is entitled to protection through the automatic stay.

### C. Cause Does Not Exist to Grant Relief from Stay

US Bank seeks relief from stay on two statutory grounds: 11 U.S.C. § 362(d)(1) (2011) (cause, including lack of adequate protection of an interest in property), and 11 U.S.C. § 362(d)(2) (2011) (lack of equity and property not necessary for an effective reorganization). Whether the stay should be lifted to permit the unlawful detainer litigation to proceed in state court under 11 U.S.C. §§ 362(d)(1) and (2) requires consideration of the following factors: effective administration of the estate, avoiding prejudice to the parties, and promoting judicial economy. *Benedor Corp. v. Conejo Enters. (In re Conejo Enters.)*, 96 F.3d 346, 352 (9th Cir. 1996) (affirming the bankruptcy court's refusal to lift the stay to allow state court litigation to proceed because maintenance of the stay promoted judicial economy by minimizing duplicative litigation and advanced the efficient administration of the estate);[15] *In re Kronemyer,* 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009).

---

[15] Whether the bankruptcy court should abstain from deciding state law issues pending in an imminent state court trial was previously determinative in the stay relief context. *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir. 1990). After the statutory changes in 28 U.S.C. § 1334(c)(2) and 28 U.S.C. § 1334(d), the Ninth Circuit in *Conejo,* 96 F.3d at 352 clarified that so long as the record supports discretion exercised by the bankruptcy court in denying relief from stay, this factor is no longer determinative.

13

MEMORANDUM DECISION

### 1. Effective Administration of the Estate

Maximizing the opportunities for reorganization of the estate is the most important factor in determining whether to grant relief from stay to permit litigation in another forum to proceed. *Conejo*, 96 F.3d at 353. Salazar, in his chapter 13 case, seeks to regain title to the Property by invalidating the foreclosure sale and curing the default on the Loan to US Bank. Salazar's reorganization could be thwarted if the Court allows the foreclosure issues to proceed before it determines whether there is equity in the Property, or whether Salazar can restructure US Bank's debt in his reorganization.

### 2. Prejudice to the Parties

Denying relief from stay at this time is the least prejudicial option for both parties. Even if the stay prohibits US Bank from regaining possession of the Property in the near term, that inconvenience is appropriate because the foreclosure process was flawed. The Court has scheduled a further hearing on relief from stay to determine the economic feasibility of Salazar's plan, and also to order that adequate protection payments be made to US Bank to prevent diminution of the value of its collateral. 11 U.S.C. §§ 361, 363(e) (2011); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988) (adequate protection payments can protect valid interests of creditors).

In contrast, Salazar could be substantially prejudiced by loss of his property interest if the unlawful detainer action proceeded even though the foreclosure sale may be void. Salazar has established a prima facie case of ownership of the Property, subject to whatever defenses US Bank might bring in the state court proceeding. These rights should be protected by the automatic stay, assuming US Bank's economic interests in the Loan are adequately protected.

### 3. Considerations of Judicial Economy.

Challenges to US Bank's foreclosure sale are simultaneously pending in state and bankruptcy court, creating the potential for confusion and a waste of judicial resources. Even if not specifically raised in the unlawful detainer proceeding, the validity of the foreclosure sale could be decided by default. *Cheney v. Trauzette*, 9 Cal. 2d 158 (1937); *Seidell v. Anglo-California Trust Co.*, 55 Cal. App. 2d 913, 920 (3d Dist. 1942) (challenges to foreclosure sales are barred if not raised in unlawful detainer action). Maintaining the automatic stay until the Court can hear US Bank defenses, and can assess Salazar's reorganization prospects, preserves judicial resources.

### III. <u>CONCLUSION</u>

Even though US Bank has standing to seek relief from stay as the record title owner of the Property, Salazar currently has an equitable title interest for the automatic stay to protect. The Court rejects the claim that MERS' limited role in the DOT provides it carte blanche authority over the nonjudicial foreclosure process. To enable the bankruptcy and foreclosure issues between the parties to be efficaciously addressed, the Court denies the Motion without prejudice. A status conference will be held on this matter on April 21, 2011 at 2:00 p.m. in this Court to determine the amount of the adequate protection payments to be provided to US Bank and to schedule necessary future proceedings consistent with this ruling.

This Memorandum Decision will constitute the Court's findings of fact and conclusions of law. Counsel for Salazar is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.

IT IS SO ORDERED.

Dated: April 11, 2011

/s/ Margaret M. Mann
MARGARET M. MANN, JUDGE
United States Bankruptcy Court

---

15

MEMORANDUM DECISION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

*In re Eleazar Salazar*
Bankruptcy Case No. 10-17456-MM13

### CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

**MEMORANDUM DECISION RE MOTION FOR RELIEF FROM AUTOMATIC STAY**

was enclosed in a sealed envelope bearing the lawful frank of the Bankruptcy Judges and mailed to each of the parties at their respective address listed below:

Eleazar Salazar
1268 Emerald Way
Calexico, CA 92231

David L. Skelton
525 B St., Suite 1430
San Diego, CA 92101-4507

Ja Vonne M. Phillips
Roshni V. Patel
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101

Francisco J. Aldana
The Advocates' Law Firm
600 B Street, Suite 2130
San Diego, CA 92101

PRA Receivables Management, LLC
PO Box 41067
Norfolk, VA 23541

Said envelope(s) containing such document were deposited by me in a regular United States mail box in the City of San Diego, in said district on April 11, 2011.

*Michele McConnell*
Michele McConnell, Judicial Assistant